UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERETT HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22 CV 1056 RWS |
| ) | |
| ONTERIO SHEPPARD, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Everett Henderson asserts that he was forcefully medicated in 2011 and in 2015 while confined at the St. Louis Psychiatric Rehabilitation Center (SLPRC). He asserted these claims in a lawsuit he filed in March 2022 which was subsequently severed. The present lawsuit concerns his claims about the 2015 incident. Defendant Onterio Sheppard moved to dismiss this case because it was filed after the statute of limitations for this claim had expired. I will grant Sheppard's motion on that ground.

Henderson is currently confined at the St. Louis Psychiatric Rehabilitation Center (SLPRC) in St. Louis, Missouri, pursuant to a plea of Not Guilty by Reason of Mental Disease or Defect (NGRI). See State v. Henderson, No. 22051-03201 (22nd Jud. Circuit, State of Mo.). On September 24, 2005, a criminal complaint was issued charging plaintiff with fourteen (14) counts, including: (1) 1st degree assault of a law enforcement officer; (2) two counts of armed criminal action; (3) 2nd degree assault on a law enforcement officer; (4) two counts of kidnapping; (5) five counts of unlawful use of a weapon (exhibiting); (6) resisting arrest; (7) violating of an order of protection; and (8) assault in the first degree. The presiding criminal

judge requested a mental examination in the case on October 11, 2005. A grand jury indictment was returned on November 9, 2005, with the same fourteen (14) counts as in the complaint.

On or about October 11, 2005, plaintiff, though counsel, filed a notice of NGRI. Henderson was diagnosed as having Bi-Polar Disorder I, Manic, with Psychotic Features. On June 23, 2006, Henderson entered a plea of not guilty by reason of insanity and thereafter he was committed to the SLPRC.

On March 25, 2022, plaintiff filed his first action in this Court in <u>Henderson v. Missouri Department of Mental Health</u>, No. 4:22-cv-360 RLW (E.D.Mo). He filed the action pursuant to 42 U.S.C. § 1983 against eighteen (18) individual defendants and the Missouri Department of Mental Health. Henderson filed two separate documents with the Court which appeared to be pleadings. <u>Id.</u> The first document was titled, "Prisoner Civil Rights Complaint Form," and the second document was titled, "Complaint." Neither document was on a court-provided form, as required by Eastern District of Missouri Local Rule 2.06. Henderson stated in his "Prisoner Civil Rights Complaint Form" that he was forcibly medicated in February of 2011 "within days of [his] arrival" at SLPRC. He claimed that the actions of the Missouri Department of Mental Health and the eighteen (18) doctors, nurses and mental health professionals named in the complaint violated both the U.S. Constitution and Missouri Department of Mental Health Operating Regulation (DOR) 4.152 by forcibly medicating him. The allegations in plaintiff's "Prisoner Civil Rights Complaint Form," related to dates of involuntary medication between February of 2011 and November 2015.

Henderson asserted that in October of 2015, he had an altercation with an SLPRC employee, Defendant Onterio Sheppard. Henderson stated that he was falsely accused of punching

Sheppard which led to Henderson being tied down with ankle and wrist cuffs and forcibly injected with psychotropic drugs that left him disoriented for almost a week.

Because Henderson's pleading contained numerous deficiencies and was not on a court-provided form, United States District Judge Ronnie L. White, in Case No. 4:22-cv-360 RLW, ordered Henderson to amend his pleading on a court-provided form.  Judge White ordered Henderson to separate his 2011 claims from his 2015 claims in two separate lawsuits.  His claims relating to the 2011 events would remain in the Case No. 4:22-cv-360 RLW and his claims relating to the 2015 events were opened in the present lawsuit.

Henderson brings this suit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights and he names the following entities and individuals as defendants in this action: Missouri Department of Mental Health (DMH); SLPRC[1]; Onterio Sheppard (Psychiatric Technician); Dr. Jane Doe (Psychiatrist); Davinder Hayreh (Psychiatrist); Amy Ramirez (Therapist); Roy Wilson (Medical Director); Laurent Javois (Chief Executive Officer); and Felix Vincenze (former Chief Organizational Officer).  The defendants in their official and individual capacities.

Henderson asserts that on a weekend in early October of 2015, Defendant Sheppard tied him to a bed with wrist and ankle cuffs and at the orders of Dr. Jane Doe, a Psychiatrist at SLPRC, Sheppard forcibly injected him with a "cocktail of psychotropic drugs."  Henderson asserts that Defendant Jane Doe stood over him several hours later and told him that if he wanted to be uncuffed from the bed he would need to agree to be given another injection.  Henderson's claims in this matter all relate to the incident that occurred in October 2015.

---

[1]Plaintiff also refers to this entity as the Forensic Treatment Center South.

On June 30, 2023, I dismissed the claims against Defendants DMH, SLPRC, Javois, and Vincenze, and the official capacity claims against all the individual defendants for failing to state a claim.  On November 30, 2023, I dismissed Defendant Jane Doe from the case and ordered summons to be served on Defendants Sheppard, Hayreh, Ramirez, and Wilson by the United States Marshals Service.  Despite several attempts at service, the Marshals were only able to complete service on Sheppard.

On February 14, 2024, Sheppard filed a motion to dismiss asserting that Henderson's claims are untimely because they were not filed within the applicable five-year statute of limitations.  The incident at issue occurred in 2015.  Henderson did not file this lawsuit until 2022.  Henderson asserts that the limitations period should be equitably tolled because the Missouri Department of Mental Health claims that Henderson "is still mentally ill."

In the companion case before Judge White, the defendants moved to dismiss Henderson's claims related to the 2011 incident based on statute of limitations grounds.  On July 9, 2024, Judge White issued his decision granting the defendants' motion to dismiss.  Judge White found that the five-year statute of limitation applied to Henderson's claims.  Henderson asserted that the limitations period should be equitably tolled because the Missouri Department of Mental Health claims that Henderson is still mentally ill, the same argument he makes in the present case.  Judge White rejected Henderson's assertion.  Judge White stated:

> A plaintiff who seeks to toll the limitations period due to mental incapacity "must set forth facts which show that plaintiff was deprived of an ability to reason or was unable to understand and act with discretion in the ordinary affairs of life." Kellog v. Kellog, 989 S.W.2d 681, 685 (Mo. Ct. App. 1999). Thus, "[a] diagnosis of mental illness is not enough to justify tolling without evidence that the illness actually prevented the plaintiff from complying with the deadline." Jessie [v. Potter, 516 F.3d [709] at 714 [(8th Cir. 2008)] (citation omitted).

4

> Here, Plaintiff merely asserts that he was diagnosed as mentally ill by MDMH, and he fails to provide further detail as to how his diagnosed illness impacted his ability to appreciate the accrual of his cause of action and pursue legal recourse. On the contrary, Plaintiff's pleadings demonstrate his capacity to understand his legal rights and act upon them. The Court therefore finds that tolling is not appropriate on this ground.

Henderson, 4:22-cv-360 RLW at 4-6.

I adopt Judge White's reasoning in rejecting Henderson's request for equitable tolling. His bare assertion that he is perceived by MDMH as being mentally ill is not sufficient by itself. Moreover, Henderson's pleadings in this case demonstrate his capacity to understand his legal rights and act upon them. As a result, I will grant Defendant Sheppard's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Onterio Sheppard's motion to dismiss [29] is **GRANTED**.

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2024.